UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL E. CARPENTER | : | Criminal No.  3:21-cv-01485 (RNC) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | January 4, 2024 |

**MOTION FOR EXTENSION OF TIME TO FILE REPONSE TO PETITIONER'S ARGUMENT REGARDING *CIMINELLI*** 

The respondent, the United States of America, respectfully submits this motion seeking a 2-week extension, until January 19, 2025, to submit its response to the Court's order directing the respondent to respond to Mr. Carpenter's argument that his convictions must be vacated under *Ciminelli v. United States*, 598 U.S. 306 (2003). *See* Doc. 19. In support of this motion, the respondent submits the following:

1. On May 14, 2014, a grand jury sitting in New Haven, Connecticut, returned a 57-count superseding indictment charging Mr. Carpenter with violations of 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1349 (Conspiracy to Commit Mail and Wire Fraud), 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering), 18 U.S.C. § 1957 (Illegal Monetary Transactions), 18 U.S.C. § 1956(a)(1)(A)(i) (Money Laundering), and 18 U.S.C. § 2 (Aiding and Abetting).

2. A 19-day bench trial took place from February 16, 2016 through March 21, 2016. On June 6, 2016, the Court issued a 91-page written Verdict and Special Findings in which it found Mr. Carpenter guilty on all 57 counts of the superseding indictment.

3. Following the Court's verdict, Mr. Carpenter filed myriad post-trial motions, continuing through November 2017.  On November 6, 2017 and December 12, 2017, the Court denied all of the defendant's post-trial motions.

4. On December 3, 2018, the Court sentenced Mr. Carpenter to 30 months' imprisonment followed by 36 months of supervised release.

5. The Second Circuit affirmed Mr. Carpenter's convictions, and the Supreme Court denied certiorari. *United States v. Bursey*, 801 F. App'x 1 (2d Cir. 2020); *Carpenter v. United States*, 141 S. Ct. 820 (2020).

6. Mr. Carpenter filed the instant *pro se* petition to vacate his conviction on November 5, 2021. On May 16, 2022, the Court issued an order to show cause directing the respondent to file a response by July 20, 2022, which was subsequently extended to July 30, 2022.

7. The respondent filed its response in opposition to Mr. Carpenter's motion to vacate on July 30, 2022.

8. Mr. Carpenter filed a reply memorandum on August 8, 2022. On November 14, 2022, Mr. Carpenter filed a supplemental addendum. On August 3, 2023, Mr. Carpenter filed a notice of recent supplemental authority, in which he sought to vacate his conviction based on the Supreme Court's decision in *Ciminelli*.

9. On November 3, 2023, the Court entered an order directing the respondent to respond by January 5, 2023, to Mr. Carpenter's argument that his convictions must be vacated under *Ciminelli*.

10. The respondent respectfully requests a brief 2-week extension, until January 19, 2023, to file its response to Mr. Carpenter's argument regarding *Ciminelli*. The respondent is proceeding with all due diligence in responding to Mr. Carpenter's argument. Although the Supreme Court's decision in *Ciminelli* invalidated the right-to-control theory under the wire fraud statute, the respondent does not believe the decision invalidates Mr. Carpenter's convictions in this case. The indictment in this case, the respondent's evidence at trial, and the Court's extensive

findings of fact in its 91-page verdict support the wire fraud convictions without reliance on the right-to-control theory. Because of the nature of these legal and factual issues, the respondent has had to review the substantial record in the petitioner's underlying criminal case. In order to fully respond to each of these issues, the respondent needs additional time to research the relevant legal and factual issues and present a comprehensive response to Mr. Carpenter's argument.

11. Accordingly, the Government requests until January 19, 2024 to file its response to Mr. Carpenter's petition in this case.

12. Because Mr. Carpenter has completed his term of incarceration and is currently on supervised release, the respondent submits that Mr. Carpenter will not be unduly prejudiced by a brief 14-day extension of time for the respondent to file a response.

WHEREFORE, the respondent respectfully requests that the due date for its response to Mr. Carpenter's petition be extended to January 19, 2024.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: Neeraj.Patel@usdoj.gov

/s/ David E. Novick
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv02874
157 Church Street, 25th Floor
New Haven, CT 06510
Tel: 203-821-3700
Email: David.Novick@usdoj.gov

CERTIFICATION OF SERVICE

      This is to certify that on January 4, 2024, a copy of the foregoing Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. A copy was sent by Federal Express to:

Daniel E. Carpenter
18 Pondside Lane
West Simsbury, CT 06092


      /s/ Neeraj N. Patel
      NEERAJ N. PATEL
      ASSISTANT UNITED STATES ATTORNEY